(No. 4073—

Anna Carrano, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed September 21, 1948.*

Anthony M. Anzalone, Attorney for Claimant.

Hon. George F. Barrett, Attorney General, and C. Arthur Nebel, Assistant Attorney General, for Respondent.

Damron, J.

This is a claim of Anna Carrano against the respondent, the State of Illinois, for personal injury sustained in a fall at the Illinois State Penitentiary at Statesville, on February 26, 1946.

The complaint alleges that the claimant had obtained permission to and did visit her son on that day and while proceeding down a corridor in said institution,

slipped and fell on a waxed floor, thereby sustaining injuries to her head and right leg.

She files this claim for damages on the theory that the respondent was negligent in having the floor waxed, and highly polished, which by inference rendered it slippery, dangerous, and unsafe. The complaint further alleges that because of said injuries, the claimant was unable to carry on her duties as a housewife and to render household services to her husband and family, and that she was compelled to expend great sums of money for medical attention due to said injury and is still receiving medical attention for said injury caused by the careless and negligent acts of the respondent through its agents and servants.

A case very similar to this one arose in *Mack* vs. *Woman's Club of Aurora,* reported in 303 App., 217.

In that case the plaintiff filed suit against the club for personal injury sustained by her in a fall on the club room floor of defendant's building, while she was attending a meeting in the club room, in the city of Aurora. She slipped and fell on a waxed floor, thereby sustaining a broken hip.

She instituted a suit for damages, claiming that the defendant was negligent in having the floor waxed, which thus rendered it dangerous and unsafe. The case was tried by a jury, which returned a verdict in favor of the plaintiff for $3,500.

In reversing the judgment, the Appellate Court held that the waxing of floors is a common practice, and too well known a custom to be considered negligence in the absence of evidence tending to prove some positive negligent act or omission on the part of the owner of the premises . . . under such circumstances, the Court held that she must be held to have assumed any risks

involved in her walking upon the floor, which were within themselves an incident to such act. There appears to have been no hidden danger. The Court further held:

"We do not consider it was negligent per se for appellant to have the club room floor cleaned and waxed nor that such act served to charge appellant with the duty of anticipating that one in the exercise of ordinary care, would be exposed to danger when using the floor in a manner for which it was intended. Under the circumstances existing herein, we do not consider appellant's keeping the floor cleaned and waxed to be a condition sufficient to warrant a finding that appellee's fall was caused by its negligence."

The respondent through its Attorney General has filed a motion to dismiss the complaint and inasmuch as this claimant has not alleged any facts constituting negligence on the part of the respondent, the motion must be allowed. The law as enunciated in the Mack case, supra, applies with full force to this claim and is controlling.

Complaint dismissed.